UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-CIV-61455-WJZ

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| DOUGLAS NEWTON and REAL AMERICAN BRANDS, INC. n/k/a REAL AMERICAN CAPITAL CORP., | ) ) ) ) |
| Defendants. | ) ) |

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT DOUGLAS NEWTON

The Securities and Exchange Commission having filed a Complaint, and Douglas Newton:  having consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief (the "Judgment"); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

### SECTION 17(A) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Newton and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"),

_____
Initials

15 U.S.C. § 77q(a), by, in the offer or sale of any security, using any means or instruments of transportation or communication in interstate commerce or the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

involving the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment adviser or manager or to any person associated with such investment adviser or manager.

## II.

### SECTION 10(B) AND RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Newton and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

_____
Initials

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

involving the payment of undisclosed compensation in the form of cash, stock, or any other item of value to any investment adviser or manager or to any person associated with such investment adviser or manager.

### III.

### PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Newton is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

### IV.

### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Newton shall be liable to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty, if any, upon motion of the Commission. Prejudgment interest, if any, shall be calculated from April 8, 2009 to the date of entry of the order of disgorgement against Newton, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's

_____
Initials

motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Newton will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Newton may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V.

### INCORPORATION OF NEWTON'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Newton shall comply with all of the undertakings and agreements set forth therein.

## VI.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Done and Ordered in Chambers in Fort Lauderdale, Florida, this ___ day of _____, 2012.

_____
**WILLIAM J. ZLOCH**
**UNITED STATES DISTRICT JUDGE**

_____
Initials